Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA CORSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RAMI ATHERTON, individually and doing business as "LUXURY REAL ESTATE PREVIEW", a Business Enitity of Form Unknown; *et al.*,<br><br>Defendants. | Case No. 2:18-cv-01304-CAS-PLA<br>*Hon. Christina A. Snyder Presiding*<br><br>**NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN M. DONIGER, ESQ. IN SUPPORT THEREOF**<br><br>***([Proposed] Order; Declaration of Lisa Corson Filed Concurrently Herewith)***<br><br>Date: March 16, 2020<br>Time: 10:00 a.m.<br>First Street Courthouse<br>Courtroom 8D, 8th Floor<br>350 W 1st Street<br>Los Angeles, CA 90012 |

- i -

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 16, 2020 at 10:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 350 W 1st Street, Los Angeles, California 90012, Plaintiff Lisa Corson ("Plaintiff") will and hereby does request entry of default judgment against Defendant Rami Atherton, individually and doing business as "Luxury Real Estate Preview", a business entity of form unknown ("Atherton").

This motion is made on the grounds that:

1.  Atherton was served with the operative Complaint and Summons on February 26, 2018 (*see* Dkt. 9), and has not responded to either Complaint or otherwise appeared in this action;

2.  Plaintiff filed its request for default against Atherton with United States District Court on April 19, 2019 (*see* Dkt. 13);

3.  Default was entered by the Clerk against Atherton on April 22, 2019  (*see* Dkt. 14);

4.  Atherton is not an infant, an incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

5.  Plaintiff is now entitled to default judgment against Atherton on account of the claims pleaded in the Complaint, namely copyright infringement (17 U.S.C. § 101 *et seq.*);

6.  Plaintiff seeks statutory damages in the amount of Thirty Thousand Dollars and No Cents ($30,000.00);

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

7. Under the Copyright Act (17 U.S.C. §101 *et seq.*), Plaintiff is entitled to recover costs incurred in this litigation, which amount to Four Hundred and Eighty Eight Dollars and Fifty Five Cents ($488.55);

8. Plaintiff is further entitled to reasonable attorney's fees (*see* 17 U.S.C. §101 *et seq.*), which amount to Two Thousand, Four Hundred Dollars and Zero Cents ($2,400.00); and

9. Notice of the entry of default judgment and notice of this motion and the amount requested was served on Atherton on February 21, 2020, as required by Local Rule 55-1(e).

This Application is based on this Notice, the Memorandum of Points and Authorities, the declaration of Stephen M. Doniger, Esq., and the pleadings, file, and oral argument that may be presented at the hearing.

Dated: February 21, 2020        DONIGER / BURROUGHS

By:    /s/ Stephen M. Doniger
       Stephen M. Doniger, Esq.
       Attorneys for Plaintiff

- iii -

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................1

II.   RELEVANT FACTS AND PROCEDURAL HISTORY ...........................1

III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER. .........................2

IV.   DEFAULT JUDGMENT IS PROPER BECAUSE CORSON WOULD BE PREJUDICED IF SHE WERE NOT ALLOWED TO RECOVER ON HER LAWFUL CLAIM OF INFRINGEMENT ..............................................3

   A.   Corson Would be Prejudiced if her Motion for Default Judgment Were Denied. ............................................................3

   B.   Corson's Copyright Infringement Claims are Meritorious and Sufficiently Pled in the Complaint. ........................................4

   C.   Corson Should Not Be Denied the Substantial Amount of Damages She Would Likely Recover from Atherton at Trial. ............................5

   D.   There is Little Possibility of a Dispute Concerning Material Facts. ...............6

   E.   Atherton's Neglect in Defaulting is Not Excusable. ........................6

   F.   Although the Federal Rules Generally Prefer Decisions on the Merits, Atherton Has Made A Decision on the Merits Impossible. ..................6

V.   CORSON SHOULD BE AWARDED STATUTORY DAMAGES OF $30,000. ....................................................................................7

   A.   Given Atherton's Failure to Participate in This Litigation, Corson Elects to Recover Statutory Damages. .............................................7

   B.   An Statutory Award of $30,000 is Reasonable in This Case. ...........8

      1.   Corson Would Succeed In Proving Atherton's Infringement at Trial. .......10

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

2.    An Award of Statutory Damages Will Prevent Atherton's Unjust Enrichment. .......................................................................10

3.    Maximum Statutory Damages Will Deter Future Infringement. ................11

VI.    CORSON IS ENTITLED TO RECOVER COSTS IN THE AMOUNT OF $488.55………………………………………………………………………11

VII.    CORSON IS ENTITLED TO REASONABLE ATTORNEYS' FEES. .......11

VIII.    CONCLUSION .........................................................................12

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) ........................................................... 3

*Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*,
   506 Fed. Appx. 550 (9th Cir. 2013) ................................................... 9

*Broadcasting of Birmingham, Inc.*,
   259 F.3d 1186 (9th Cir. 2001) ........................................................... 8

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ........................................................... 3

*Elektra Entertainment Group, Inc. v. Crawford*,
   226 F.R.D. 388 (C.D. Cal. 2005)................................................... 9, 11

*Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*,
   499 U.S. 340 (1991)............................................................................. 5

*James v. Frame*,
   6 F.3d 307 (5th Cir. 1993) ............................................................... 12

*Joe Hand Promotions, Inc. v. Pollard*,
   2010 WL 2902343 (E.D. Cal. July 22, 2010)..................................... 2

*Los Angeles News Service v. Reuters Television Intern, Ltd.*,
   149 F.3d 987 (9th Cir. 1998) ............................................................. 8

*Microsoft Corp. v. Nop*,
   549 F. Supp. 2d 1233 (E.D. Cal. 2008) ............................................. 7

*Peer Int'l Corp. v. Pausa Records, Inc.*,
   909 F.2d 1332 (9th Cir. 1990) ........................................................... 9

*PepsiCo, Inc. v. California Security Cans*,
   238 F.Supp.2d 1172 (C.D. Cal. 2002)............................................... 4

*Shaw v. Lindheim*,
   919 F.2d 1353 (9th Cir. 1990) ........................................................... 5

*Swaim v. Moltan Co.*,
   73 F.3d 711 (7th Cir. 1996) ............................................................... 2

*Televideo Systems, Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ............................................................. 4

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ............................................................. 5

*Twentieth Century Fox Film Corp. v. Streeter*,
   438 F. Supp. 2d 1065 (D. Ariz. 2006) ...................................... 4, 6, 11

*Warner Bros. Entm't Inc. v. Caridi*,
  346 F. Supp. 2d 1068 (C.D. Cal. 2004) ............................................................. 5, 6

Statutes

17 U.S.C. §106 ......................................................................................................... 5
17 U.S.C. §410(c) ................................................................................................... 6
17 U.S.C. §504(c) ................................................................................................... 7
17 U.S.C. §504(c)(2) ............................................................................................. 7
17 U.S.C. § 101 .................................................................................................. 2, 3
17 U.S.C. § 504(c)(1) ........................................................................................ 8, 9
17 U.S.C. § 505 ..................................................................................................... 11

Other Authorities

*L.A. Printex Industries Inc. vs. G&G Multitex, Inc.*,
  2010 WL 6648986 ............................................................................................... 10

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This motion concerns a case of copyright infringement by Defendant Rami Atherton, individually and doing business as "Luxury Real Estate Preview" ("Atherton") of an original photograph (the "Subject Photograph"). The Subject Photograph is owned by Lisa Corson ("Corson"), a professional photographer with a focus on travel photography and in producing photographs of luxury and celebrity homes and other subjects. The Subject Photograph was both taken and registered with the United States Copyright Office in 2016.

In 2017, Corson discovered that Atherton was commercially exploiting the Subject Photograph on his website  http://www.luxuryrealestatepreview.com without Corson's authorization. Corson Decl. ¶ 6. After Corson's attempts at an informal resolution were ignored, she filed this action and duly effected service on Atherton. Atherton has been well aware of this action and yet has refused to defend himself in it. As a result of Atherton's disregard for the judicial system, Plaintiff now moves this Court to enter default judgment against Atherton in the amount of $32,888.55. This amount includes $30,000 in statutory damages, $488.55 in recoverable costs, and $2,400.00 in attorneys' fees as allowed by L.R. 55-3.

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

Corson is the owner of the Subject Photograph that is the subject of this lawsuit. The Subject Photograph was taken and registered with the United States Copyright Office in 2016. Corson Decl. ¶ 5

Atherton obtained, exploited, and published the Subject Photograph on his website without Corson's authorization or consent. As a professional photographer, Corson invests heavily in the production process for her photographs, and in the marketing of her photographs to publications and online media companies. By maintaining a library of high quality proprietary photographs, Corson attracts

clientele to her business as the exclusive source of those photographs, and it is Corson's main source of income. Corson Decl. ¶ 3 Not only was the Subject Photograph exploited by Atherton, but Atherton has undercut Corson's business as a professional photographer. Atherton's refusal to cooperate in this litigation makes it impossible for Corson to fairly recover from Atherton's exploitation of the Subject Photograph which she owns.

## III.    DEFAULT JUDGMENT IS PROCEDURALLY PROPER.

Corson requested and received an entry of default against Atherton, and thus has no other course to pursue against this defendant except to move for default judgment.

Entry of default judgment ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996); *see also Joe Hand Promotions, Inc. v. Pollard*, 2010 WL 2902343 (E.D. Cal. July 22, 2010); Fed. R. Civ. P. §55(b)(2). As the sum of judgment is not certain, Corson must seek default judgment through the Court rather than the Clerk. Fed. R. Civ. P. §55(b)(1), (2).

In the instant case, Corson has taken all reasonable steps to notify Atherton of this pending litigation, but Atherton has failed to respond to the Complaint in the correct form or to participate in this litigation whatsoever. Doniger Decl. ¶ 2. As the time for response has now lapsed, Corson is left with no other action to enforce her intellectual property but to request a default judgment against Atherton. Because all necessary procedural requirements have been met, the requested default judgment should be granted.

///

///

NOTICE OF APPLICATION AND APPLICATION FOR DEFAULT JUDGMENT BY THE COURT

## IV. DEFAULT JUDGMENT IS PROPER BECAUSE CORSON WOULD BE PREJUDICED IF SHE WERE NOT ALLOWED TO RECOVER ON HER LAWFUL CLAIM OF INFRINGEMENT.

This is a straightforward case of copyright infringement by Atherton of Corson's copyrighted photograph. Because it is unlikely that there would be any genuine dispute concerning the use by Atherton of the Subject Photograph, Corson would be prejudiced if she was unable to prosecute her case and obtain the substantial amount of statutory damages she would likely recover at trial.

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Atherton.

### A. Corson Would be Prejudiced if her Motion for Default Judgment Were Denied.

Corson has vigorously pursued her case and diligently attempted to notice Atherton of this pending litigation. Between June 2018 and July 2019, counsel for Plaintiff reached out to Atherton via email on three seperate occasions in an attempt to get Atherton to appear and to ultimately reach a resolution of this matter on the merits.  Doniger Decl. ¶ 8.  In these communications, counsel for Plaintiff not only provided Atherton with copies of the operative Complaint and Summons, as well as proof of service, but also advised Atherton of Corson's intentions to seek

a request for Default and ultimately a Default Judgment should he fail to defend the litigation.

However, rather than hiring counsel and attempting to properly litigate Plaintiff's infringement claims, Atherton opted to simply ignore Corson and default, and hope that the judgment rendered by the Court would be lower than its potential legal fees. In light of such flagrant misdeeds, to allow Atherton to escape liability by blatantly ignoring Corson and the judicial process would prejudice Corson, a lawful copyright claimant. *See PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) (stating that if the plaintiff's motion for default judgment was not granted, plaintiff would be "without other recourse for recovery).

Further, Corson has already incurred expenses in serving Atherton, as well as attorneys' fees in taking the necessary procedural steps to obtain a default judgment. Without an entry of default judgment against Atherton, Corson would be prejudiced and without other recourse for recovery. Therefore, this factor favors default judgment against Atherton.

**B.**   **Corson's Copyright Infringement Claims are Meritorious and Sufficiently Pled in the Complaint.**

Because the Complaint contains all necessary factual allegations for a copyright infringement claim, and because such allegations must be taken as true now that Atherton is in default, Corson satisfies the second and third *Eitel* factors.

For purposes of default judgment, all factual allegations, except those pertaining to damages, are deemed admitted. *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting

*Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991)); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and copying of constituent elements by [defendant]"). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Corson is the owner of the copyright in the Subject Photograph.[1] The Complaint alleges use of the Subject Photograph by Atherton. (Complaint ¶ 9) and Atherton's access to the Subject Photograph through Corson's website and social media accounts or through third-party websites. (Complaint ¶ 12). Atherton's unauthorized reproduction and uses of the Subject Photograph are violations of the copyrights which Corson owns. *See* 17 U.S.C. §106.

Because Corson's Complaint properly alleges the constituent elements of a cause of action for copyright infringement, the Complaint is sufficient. Corson's meritorious claim and the sufficiency of the complaint weigh in favor of default judgment against Atherton.

**C.** **Corson Should Not Be Denied the Substantial Amount of Damages She Would Likely Recover from Atherton at Trial.**

The statutory damages Corson requests, discussed further below, is a substantial amount to which Corson is entitled as the owner of the registered copyright. The financial incentive to steal proprietary photographs and reproduce

---

[1] Courts have consistently held that "registration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000).

and use those photographs for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity. This recoverable amount weighs in favor of default judgment against Atherton.

**D.**   **There is Little Possibility of a Dispute Concerning Material Facts.**

As owner of a copyrighted work, Corson enjoys a presumption of validity in her copyright. *See* 17 U.S.C. §410(c). If Atherton disputed this validity, he certainly would have appeared to defend himself in this litigation regarding a copyright infringement claim. As a reasonable dispute over this material issue is unlikely, this factor weighs in favor of default judgment against Atherton.

**E.**   **Atherton's Neglect in Defaulting is Not Excusable.**

Because Atherton was properly served with the Complaint, Atherton's failure to respond in the correct form to this action cannot be due to excusable neglect. "A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted). Atherton has failed to appear in this action despite being properly served with the Complaint and thus has not "demonstrated a clear purpose to defend the suit." *Twentieth Century Fox Film Corp*, 438 F.Supp.2d at 1074 n1.

Because Atherton has made no appearance in the correct form whatsoever, nor has it made any effort even to argue excusable neglect for its disregard of Corson's claims and the judicial process, this factor weighs heavily in favor of default judgment.

**F.**   **Although the Federal Rules Generally Prefer Decisions on the Merits, Atherton Has Made A Decision on the Merits Impossible.**

Atherton's refusal to participate in this litigation has made a decision on the merits impossible; therefore, default judgment is appropriate. Courts have found

that "in light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008). Because Atherton failed to answer the Complaint, Corson was deprived of the opportunity to conduct discovery to facilitate a decision on the merits. Because the Copyright Act allows statutory damages in lieu of actual damages (17 U.S.C. §504(c)), recovery for Corson is still possible despite such recalcitrance from Atherton. As discussed below, Corson requests such allowable statutory damages. For these reasons, this factor heavily favors default judgment.

***

Application of the various *Eitel* factors to this case mandates the Court to exercise its discretion in ordering a default judgment against Atherton.

## V.     CORSON SHOULD BE AWARDED STATUTORY DAMAGES OF $30,000.

Pursuant to Corson's Complaint, Atherton is in default and now liable for one act of copyright infringement. As such, Corson is entitled to damages in the sum of $30,000.00 (17 U.S.C. §504(c)(2)).

### A.     <u>Given Atherton's Failure to Participate in This Litigation, Corson Elects to Recover Statutory Damages</u>.

Atherton failed to answer the Complaint and thus deprived Corson of the opportunity to find out the full scope of Atherton's profits or continued use of the Subject Photograph through discovery in order to compute Corson's actual damages. "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). Because Atherton made Corson unable to even approximate actual

damages as a result of Atherton's infringement, Corson elects to recover statutory damages.

Pursuant to the Copyright Act, the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Further, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

In this case, Atherton chose not to answer or otherwise respond to the Complaint and thus frustrated Corson's ability to determine actual damages and profit disgorgement. Statutory damages are therefore particularly appropriate in the present action.

## B.    An Statutory Award of $30,000 is Reasonable in This Case.

Corson is a professional photographer whose work is highly sought after and has been commissioned for numerous major publications, including Los Angeles Magazine and the Wall Street Journal. Corson Decl. ¶ 2 As a professional whose livelihood depends on the protection of her copyrights, infringements like the one at issue are particularly troubling, particularly where it appears that a trial on the merits would reveal that Defendant recklessly used her work without regard for her copyright—such that heightened statutory damages for willful infringement would be available.

Corson seeks to recover $30,000.00–the maximum statutory damages award allowed for nonwillful infringement. 17 U.S.C. §§ 504(c)(1); *see Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). When determining an amount of statutory damages in the context of default judgment in a copyright infringement action, the Court is guided by "the nature of the copyright, the circumstances of the infringement and the … express qualification that in every case the assessment must be within the prescribed maximum or minimum." *Peer Int'l Corp.*, 909 F.2d at 1336 (9th Cir. 1990); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("[T]he amount of statutory damages and costs requested consists of discretionary awards and statutory minimums.").

Furthermore, where the plaintiff has "pled that the defendants engaged in continuing willful infringement of its copyrights… the district court's default judgment includes an implied finding of willfulness." *Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 Fed. Appx. 550, 552 (9th Cir. 2013). Here, Plaintiff has established a presumption of willfulness by pleading that Defendants' "acts of copyright infringement were, and continue to be, willful, intentional and malicious." Complaint ¶ 16. Nevertheless, although Plaintiff may seek statutory damages of up to $150,000.00 for each act of infringement, it only requests reasonable damages of $30,000.00 resulting in a total that is smaller than the statutory maximum for a single act of willful infringement.

Thus, because the requested statutory damages amount is within the statutorily prescribed minimum and maximum, Plaintiff's request is not unreasonable and should be granted in order to vindicate its claim of copyright infringement.

1.  <u>Corson Would Succeed In Proving Atherton's Infringement at Trial</u>.

This amount is reasonable in light of Atherton's infringement of Corson's Subject Work as part of its real estate business. As discussed above, Corson would have been able to prove this infringement at trial. An infringer, like Atherton, should not be unjustly enriched for its refusal to take responsibility for its unlawful actions. Thus, awarding Corson anything less than the statutory maximum would effectively reward Atherton's refusal to cooperate in this litigation and encourage other defendants to follow suit.

2.  <u>An Award of Statutory Damages Will Prevent Atherton's Unjust Enrichment.</u>

In essence, the Copyright Act provides that no party should profit from the unauthorized use of a proprietary work. Unfortunately, Atherton's default prevents Corson from uncovering the scope of the infringement or how much was earned by Atherton —damages that would fall on Atherton's shoulders to pay should Corson recover at trial.

Moreover, Atherton's default prevents Corson from obtaining a jury verdict against it for $30,000.00 in statutory damages, a statutory damages award that Corson's counsel has successfully attained in other cases. *See, e.g.*, *L.A. Printex Industries Inc. vs. G&G Multitex, Inc.*, 2010 WL 6648986 (Case No. 09-CV-03812, C.D.Cal. December 08, 2010, jury verdict for $150,000.00 in statutory damages against Defendant who claimed only a few thousand in profits). As with the *G&G Multitex* case, the availability of a substantial statutory damage award against Atherton exists even if its profits were relatively small.

If Atherton had participated in this litigation it would likely have faced damages of $30,000 plus costs of litigation for itself and Corson. It stands to be unjustly enriched by anything less than a maximum award of statutory damages in

the amount of $30,000 given Atherton's blatant and reckless disregard for its actions in copyright infringement and failing to cooperate with the judicial system.

### 3.    Maximum Statutory Damages Will Deter Future Infringement.

Finally, an award of $30,000.00 will serve as an effective deterrent for those like Atherton who seek to profit from the work of others. Individual artists and creators producing high quality work will not be able to survive if their competitive advantage—namely, their intellectual property—can be stolen without serious consequence. The financial incentive to steal proprietary artwork from individuals and use it for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity.

## VI.    CORSON IS ENTITLED TO RECOVER COSTS IN THE AMOUNT OF $488.55.

Under the Copyright Act, a prevailing copyright owner may recover full costs. 17 U.S.C. § 505; *see also Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) (awarding full costs to Plaintiff in default judgment for copyright infringement action). "An award of attorneys' fees would promote the protection of copyrights and further the goal of deterrence, by encouraging infringement actions for such violations." *Twentieth Century Fox Film Corp.*, 438 F.Supp.2d at 1075. Corson requests to recover $488.55 in litigation costs it incurred in this case. *See* Doniger Decl. ¶ 6.

## VII.    CORSON IS ENTITLED TO REASONABLE ATTORNEYS' FEES.

In addition to costs, a prevailing copyright owner may also recover reasonable attorneys' fees under the Copyright Act. 17 U.S.C. §505. Corson requests to recover these fees by this Court's default judgment.

A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. §505.

Where a plaintiff is entitled to attorneys' fees by statute, the Court may award reasonable attorneys' fees with a default judgment in its discretion. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). In the Central District, the Court can even award an amount greater than that calculated under the schedule of attorney fees for default cases. *See* Local Rule 55-3.

In this case, because Corson seeks a default judgment of $30,000, Local Rule 55-3 provides an attorney's fee award of $2,400.00. Thus, Corson requests an award of $2,400.00 to cover reasonable attorneys' fees. *See* Doniger Decl. ¶ 5.

## VIII. CONCLUSION

Based on the foregoing, Corson respectfully requests that the Court enter a default judgment against Atherton and in favor of Corson awarding statutory damages in the amount of $30,000.00, attorneys' fees in the amount of $2,400.00, and costs in the amount of $488.55.

Respectfully submitted,

DONIGER / BURROUGHS

Date: February 21, 2020          By:    /s/ Stephen M. Doniger
                                        Stephen M. Doniger, Esq.
                                        Attorneys for Plaintiff

## <u>DECLARATION OF STEPHEN M. DONIGER, ESQ.</u>

I, Stephen M. Doniger, Esq., am an attorney at Doniger / Burroughs, which represents Plaintiff Lisa Corson in this action. I have personal knowledge of each of the following facts stated in this declaration:

1. My firm caused this lawsuit to be filed against Defendant Rami Atherton, individually and doing business as "Luxury Real Estate Preview", a business entity of form unknown ("Atherton"), which was served on February 26, 2018 (*see* Dkt. 9).

2. Although Atherton was served with the Summons and Complaint, it has not responded in the correct form or otherwise appeared in this action.

3. On April 22, 2019, the Court entered default in favor of Plaintiff and against Atherton (*see* Dkt. 14).

4. To my best knowledge, Atherton is not a minor, incompetent, or in military service.

5. Pursuant to Local Rule 55-3, Plaintiff seeks attorneys' fees in the amount of $2,400.00 in connection with the pursuit of Plaintiff's claims against Atherton.

6. Plaintiff has incurred at least $488.55 in litigation costs, including in connection with the service of process on Atherton, and obtaining a default against Atherton and serving Atherton with notice of the same.

7. My office caused a copy of the Clerk's entry of default and a copy of this motion to be mailed to Atherton on February 21, 2020.

8. I attach hereto as **Exhibit A** true and correct copies of email exchanges between counsel for Plaintiff and Atherton, dated June 4, 2018; April 30, 2019; and July 10, 2019.

I solemnly swear and declare under the laws of the United States of America and the penalty of perjury that the foregoing is true and correct.

Dated: February 21, 2020          By:    /s/ Stephen M. Doniger
                                          Stephen M. Doniger
                                          Declarant