UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | ‘O’ | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01304-CAS(PLAx) | Date | May 11, 2020 | |
| Title | LISA CORSON v. RAMI ATHERTON ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Frank Casella | Not Present |

**Proceedings:** HEARING BY TELEPHONE ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ATHERTON DBA LUXURY REAL ESTATE PREVIEW (Dkt. [ 16 ], filed on February 21, 2020)

## I.   INTRODUCTION AND BACKGROUND

On February 16, 2018, plaintiff Lisa Corson ("Corson") filed this action against defendants Rami Atherton ("Atherton"), individually and doing business as "Luxury Real Estate Preview," and against Does 1 through 10 (collectively, "defendants"). Dkt. 1 ("Compl."). Corson alleges that defendants' infringed Corson's copyright by using Corson's photograph ("the Subject Photograph") for commercial purposes on defendants' website, in violation of 17 U.S.C. § 101. See generally id.

On April 19, 2019, Corson requested that the Clerk of Court enter default against Atherton. Dkt. 13. The Clerk then entered default on April 22, 2019. Dkt. 14. Corson subsequently filed a motion for default judgment against Atherton on February 21, 2020. Dkts. 15, 16 ("Mot.").

The Court held a hearing on May 11, 2020. Having carefully considered Corson's arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01304-CAS(PLAx) | Date | May 11, 2020 | |
| Title | LISA CORSON v. RAMI ATHERTON ET AL. | | | |

392 (C.D. Cal. Feb. 11, 2005).  The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2."  Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018).  Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)."  See C.D. Cal. L.R. 55–1.  Under Local Rule 55–2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action."  Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55–2).

III.   DISCUSSION

A.   Procedural Requirements

In connection with his motion for default judgment against Atherton, Corson submits a declaration attesting that: (a) the Clerk entered default against Atherton on April 22, 2019, after Atherton failed to respond to the complaint; (b) Atherton is not an infant or incompetent person; (c) that Atherton is not in military service, meaning that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply[1]; and (d) that Atherton was served by

---

[1]   The Soldiers' and Sailors' Civil Relief Act was the "precursor" to the current Servicemembers Civil Relief Act.  See Trujillo v. Tally, No. 03-cv-533-S-MHW, 2006 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-01304-CAS(PLAx) | Date | May 11, 2020 |
| Title | LISA CORSON v. RAMI ATHERTON ET AL. | | |

mail with notice of the Clerk's entry of default and Corson's motion for default judgment on February 21, 2020. See Dkt. 16, Declaration of Stephen M. Doniger ("Doniger Decl.") ¶¶ 1–8. The Court therefore concludes that Corson has satisfied the procedural requirements for entry of default judgment and proceeds to the merits of Corson's motion.[2]

**B.    Application of the Eitel Factors**

**1.    Possibility of Prejudice**

The first Eitel factor considers whether plaintiffs will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471–72. This factor favors entry of default judgment where, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Atherton has not participated in this action to date, and Corson will therefore be prejudiced if default judgment is not entered in Corson's favor. See IO Group, Inc. v. Jordon, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010) (finding that plaintiff asserting copyright infringement claim would be prejudiced by failure to enter default judgment because plaintiff "would be without recourse to stop defendant's infringement or to recover for the harm and damages Defendant has caused."). Accordingly, the first Eitel factor weighs in favor of entering default judgment.

---

8426821, at *2 (D. Idaho June 2, 2006). That Corson's declaration refers to the Soldiers' and Sailor's Civil Relief Act, rather than the Servicemembers Civil Relief Act, does not preclude the entry of default judgment. See, e.g., Gens v. Amerimade Tech. Inc., No. 15-cv-01425-JCS, 2016 WL 8905322, at *4 (N.D. Cal. Mar. 21, 2016) (recommending grant of application for default judgment even though supporting declaration referred to predecessor statute), report and recommendation adopted, No. 15-cv-01425-VC, 2016 WL 9180437 (N.D. Cal. Apr. 8, 2016).

[2]    Corson originally noticed the hearing on her motion for default judgment for March 16, 2020. See Mot. The Court continued the hearing to March 23, 2020, and the Court again continued the hearing to May 11, 2020. Dkts. 21, 22. In light of the ongoing COVID-19 pandemic and the Court's Continuity of Operations Plan, the Court authorized the parties to appear for the May 11, 2020 hearing by telephone, and on April 17, 2020, Corson filed a proof of service demonstrating that Corson had served Atherton with notice of the May 11, 2020 telephonic hearing. Dkts. 23, 24.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01304-CAS(PLAx) | Date | May 11, 2020 | |
| Title | LISA CORSON v. RAMI ATHERTON ET AL. | | | |

## 2. Substantive Merits and Sufficiency of the Claims

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

To prevail on a claim for copyright infringement, a plaintiff must establish: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Here, Corson alleges that she is the sole owner and rights holder to the Subject Photograph, which she registered with the United States Copyright Office on March 14, 2016. Compl. ¶ 8. Additionally, Corson alleges alleged that Atherton had access to the Subject Photograph and that Atherton used the Subject Photograph on Atherton's website without Corson's authorization. Id. ¶ 9. These allegations are sufficient to satisfy the second and third Eitel factors. See Guternberg v. Realty Source Inc., No. 8:18-cv-01672-JLS-ADS, 2019 WL 2949040, *2 (C.D. Cal. 2019) (finding that photographer satisfied second and third Eitel factors with respect to copyright infringement claim where photographer alleged that photographer was the sole author and rights holder to a photograph, that the photographer had registered the photograph with the Copyright Office, and that defendant used the photographer's photograph on defendant's website without purchasing a license.).

## 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., No. 2:13-cv-00288-MMM-E, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., No. 2:11-cv-02125-DMG-AGR, 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
|---|---|---|---|---|
| Case No. | 2:18-cv-01304-CAS(PLAx) | Date | May 11, 2020 | |
| Title | LISA CORSON v. RAMI ATHERTON ET AL. | | | |

No. 2:16-cv-06049-RSWL-E, 2017 WL 89553, at *5 (C.D. Cal. 2017). Moreover, the Copyright Act provides a statutory damages award for copyright infringement that must be "a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504(c)(1). The Court has "wide discretion in determining the amount of statutory damages to be awarded." IO Group, 708 F. Supp. 2d at 1002. In instances of willful infringement, the Court may increase the award to a sum not more than $150,000. 17 U.S.C. § 504(c)(2).

Here, Corson seeks a total of $32,888.55, which includes $30,000 in statutory fees, $488.55 in recoverable costs, and $2,400 in attorneys' fees. Mot. at 1. The Court finds that this amount is not so large or unreasonable so as to preclude the entry of default judgment. See Loiseau v. Reel Network LLC, No. 2:17-cv-08998-SVW-SS, 2018 WL 6039834, at *3 (C.D. Cal. July 26, 2018) (finding that fourth Eitel factor favored entry of default judgment where plaintiff in copyright infringement suit sought award of $32,963.55). Accordingly, the fourth Eitel factor favors the entry of default judgment here.

### 4.    Possibility of Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are in dispute. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. Here, Corson has "filed a well-pleaded complaint alleging the facts necessary to establish [her] claims, and the court clerk entered default judgment against" Atherton. Phillip Morris USA, Inc. v. Catsworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id. As such, this factor favors the entry of default judgment.

### 5.    Possibility of Excusable Neglect

The sixth Eitel factor considers whether a defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that default was entered due to excusable neglect. To the contrary, Corson has properly served Atherton with the summons, complaint, and motion for default judgment. Dkt. 9; Dkt. 17; see Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc., No. 2:17-cv-04221-ODW-AFM, 316 F. Supp. 3d 1192, 1202-02 (C.D. Cal. 2018) ("There is little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served."). The Court therefore concludes that this factor favors entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | ‘O’ | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01304-CAS(PLAx) | Date | May 11, 2020 | |
| Title | LISA CORSON v. RAMI ATHERTON ET AL. | | | |

**6.    Policy in Favor of Decisions on the Merits**

Pursuant to the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits.  See Eitel, 782 F.2d at 1472.  However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted).  As a result, this factor does not preclude the entry of default judgment.

**C.    Requested Relief**

Having determined that the entry of default judgment against Atherton is warranted, the Court addresses the scope of appropriate relief.  Here, Corson requests damages in the amount of $32,888.55, including $30,000.00 in statutory damages, $488.55 in recoverable costs, and $2,400.00 in attorneys' fees.  Mot. at 1.  The Court addresses each form of requested relief in turn.

**1.    Statutory Damages**

The Copyright Act provides that an "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  Thus, the Act provides a successful plaintiff the option to recover statutory damages "in lieu of actual damages."  Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 343 (1998).  Should a plaintiff elect statutory damages, a court "can award not less than $750 but not more than $30,000 per copyright infringed.  Enhanced damages of up to $150,000 per copyright infringed may be granted on a finding of willful infringement."  Harrington v. Equity Asset & Prop. Mgmt., Inc., No. 3:18-cv-00216-GPC-NLS, 2020 WL 209134, at *8 (S.D. Cal. Jan. 14, 2020).

Here, Corson requests $30,000.00 in statutory damages, rather than actual damages. Mot. at 5–6.  Corson avers that defendants "exploited" the Subject Photograph "in multiple website posts without [Corson's] authorization or consent." Compl. ¶ 13.  On balance, the Court finds that an award of $30,000.00 in statutory damages is reasonable.  See Loiseau, 2018 WL 6039834, at *4 (determining that award of $30,000.00 in statutory damages was reasonable on entry of default judgment where photographer alleged that defendant improperly used photographer's copyrighted photograph on defendant's website).

**2.    Costs and Reasonable Attorneys' Fees**

Under 17 U.S.C. § 505, courts have discretion to award "the recovery of full costs" and reasonable attorneys' fees.  See 17 U.S.C. § 505.  "Plaintiffs in copyright actions may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 2:18-cv-01304-CAS(PLAx) | Date | May 11, 2020 | |
| Title | LISA CORSON v. RAMI ATHERTON ET AL. | | | |

be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989). Local Rule 55-3 sets forth a fee schedule for determining attorneys' fees awarded based upon the amount of the judgment awarded. C.D. Cal. L.R. 55–3. For a judgment between $10,000.01 and $50,000.00, the fee schedule provides for an attorneys' fees award consisting of $1,200.00 plus six percent of the amount over $10,000.00. Id.

Here, consistent with the fee schedule set forth in C.D. Cal. L.R. 55–3, Corson requests attorneys' fees in the amount of $2,400, which is equal to $1,200.00 plus $1,200.00, six percent of the amount of the judgment over $10,000 ($20,000.00). The Court concludes that $2,400.00 in attorneys' fees is reasonable. See Loiseau, 2018 WL 6039834, at *4 (determining that award of $2,400.00 was appropriate, based on fixed, attorneys' fees schedule, where amount of judgment on default was $30,000.00).

Finally, Corson seeks $488.55 in costs for litigation expenses. See Mot. at 11. According to Corson, these costs were incurred "in connection with the service of process on Atherton, and obtaining a default against Atherton and serving Atherton with notice of the same." Donger Decl. ¶ 6. The Court concludes that an award of $488.55 in costs for these expenses is reasonable. See Loiseau, 2018 WL 6039834, at *4 (determining that award of $563.55 in costs was reasonable on entry of default judgment in copyright infringement action).

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Corson's motion for default judgment. The Court **ORDERS** that judgment be entered against Atherton, individually and doing business as doing business as "Luxury Real Estate Preview," and that Atherton shall be liable to Corson in the amount of $30,000.00 plus $2,400.00 in attorneys' fees and $488.55 in costs.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |